Garth A. Schlemlein, ASBA # 8602011
Schlemlein Goetz Fick & Scruggs, PLLC
66 South Hanford Street, Suite 300
Seattle, WA 98134
206-448-8100
206-448-8514 Fax
Attorney for Plaintiff

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
FIRST JUDICIAL DISTRICT AT JUNEAU

| | |
|---|---|
| MILLER CONSTRUCTION EQUIPMENT SALES, INC., an Alaska corporation, <br><br> Plaintiff, <br><br> v. <br><br> CLARK EQUIPMENT COMPANY d/b/a DOOSAN INFRACORE CONSTRUCTION EQUIPMENT AMERICA, a Delaware corporation, <br><br> Defendant. | COPY <br> Original Received <br> MAY 1 4 2015 <br> Clerk of the Trial Courts <br> By _____ Deputy <br><br> Case No. 1JU-15- 688 CI <br><br> COMPLAINT |

## COMPLAINT

Miller Construction Equipment Sales, Inc. appears by and through its attorneys, Schlemlein, Goetz, Fick & Scruggs, PLLC, and for its complaint against Defendant, states and alleges as follows:

### PARTIES AND VENUE

1. MCESI, Miller Construction Equipment Sales, Inc. (hereafter "MCESI"), is an Alaska corporation in good standing with its principal place of business located in Juneau, Alaska.

COMPLAINT - 1

2. MCESI has standing to pursue the claims set forth herein based its statutory and common law rights arising from Doosan's termination of the Dealer Sales Agreement ("Agreement") between MCESI and Doosan.

3. Defendant, Clark Equipment Company d/b/a Doosan Infracore Construction Equipment America (hereafter "Doosan"), is believed to be a Delaware Corporation with an address of 250 East Beaton Drive, West Fargo, ND 58078.

4. Defendant is licensed to do business in Alaska as a foreign corporation.

5. Venue is proper in this court because this matter concerns claims by MCESI, whose principal place of business in located in Juneau, Alaska.

## FACTS

6. From 2006 through the end of 2013, MCESI was the only Doosan heavy construction equipment dealer in Alaska.

7. The Doosan distributorship was pursuant to the terms of a series of one year Dealer Sales Agreements that by their terms each expired on December 31st.

8. In all years prior to 2015, Doosan and MCESI would schedule meetings during December to discuss and agree to the next year's goals.

9. In all years prior to 2015, MCESI representatives would attend the Annual North American Dealer's Meeting in Tucson, Arizona.

10. In all years prior to 2015, MCESI and Doosan would finalize the coming year's goals and sign the new one year contracts no later than early March.

11. MCESI originally only serviced the seven Southeast Boroughs.

12. MCESI worked in conjunction with Doosan to expand to serve most of the rest of the state (17 boroughs).

COMPLAINT - 2

13. In 2006 MCESI incorporated in Juneau, AK and became the first Doosan dealer in the history of the State of Alaska, with an exclusive area Doosan dealer for the 7 Boroughs in Southeast Alaska with a $1,000,000.00 floor plan.

14. That year, MCESI retailed the first Doosan units in Alaska to Bicknell, Inc., Creative Development, Inc., and Miller Construction Company, Inc.

15. In 2009 MCESI worked with Paul Manger, Doosan Dealer Development Manager, and Don Winkle, Doosan West Region Sales Manager to develop a 7 point plan to expand to Anchorage/Wasilla. Doosan required that MCESI pay all of the expenses associated with the expansion and provided no subsidies to MCESI to assist in the expansion.

16. Under that plan, MCESI opened an additional shop and store in Wasilla, AK so that MCESI could serve Alaska statewide.

17. The same year MCESI began purchasing units to provide inventory for its Wasilla store.

18. Notable achievements in 2009 included:

    18.1 Winning a bid for a DX190W Wheeled Excavator to be sold to the City and Borough of Haines, Alaska;

    18.2 Successfully completing the necessary steps to have Doosan become a pre-approved brand for State of Alaska bids;

    18.3 Selling units to Aleutian Chain, Nome, and Boundary, Alaska, which expanded MCESI's and Doosan's reach statewide.

19. In 2010 MCESI increased its Doosan Floor Plan line to $2,000,000.00 at Doosan's request and began servicing the increased Area of Primary Responsibility ("APR"), including Anchorage Municipality and Matanuska Susitna Borough, the 1st and 3rd most populous boroughs in the state.

COMPLAINT - 3

20. In 2011 MCESI hired additional sales support staff in Wasilla at Doosan's request.

21. In 2011, MCESI achieved 4% Market Share in Doosan New Loader Sales in the State of Alaska and achieved 6% in Doosan New Excavator Sales in the State of Alaska.

22. In 2012 MCESI hired additional sales staff to assist sales in the Wasilla and Anchorage market and signed a contract to be the exclusive Doosan Articulated Dump Truck dealer for the State of Alaska in 17 Boroughs, at Doosan's request.

23. In 2013 MCESI achieved 11% market share for new excavator sales in its APR markets, achieved 6% market share for new loader sales in its APR markets.

24. That year Doosan also told MCESI that it needed a better store location in Wasilla, as a result, MCESI procured a 1.5 acre site at a total cost of over $260,000 and commenced to design, permit and build a 2400 Sq. ft. facility at what will be a final total cost of approximately $313,000, for a total expense of approximately $593,000.00. The construction of the facility is expected to be completed during the summer of 2015.

25. MCESI also verbally committed to increasing its Doosan Product Line to $3,000,000.00 floor plan at the completion of the new facility in Wasilla.

26. In 2013 MCESI Ranked as the #11 dealer in North America per Doosan metrics.

27. In the first quarter of 2014, before Craig Taylor was fully operational as a Doosan dealer, MCESI achieved 33% market share of new excavator sales and achieved 50% market share for New Articulated Dump Truck Sales for the Doosan Product Line in Alaska.

28. In 2014 Doosan announced that Craig Taylor ("Craig Taylor") would be a full dealer in Fairbanks and would be considered to be a National Account for the entire

COMPLAINT - 4

state. Craig Taylor had outlets in Anchorage, Fairbanks, Soldotna, and Wasilla, three of which are located in MCESI's APR.

29. Craig Taylor's full entry into the market in MCESI's APR had an immediate and adverse effect on MCESI's business. For example, Craig Taylor sold a unit to Alaska Native Tribal Health Consortium, an Anchorage based business.

30. After Craig Taylor's entry into the market, MCESI asked Doosan for information about Craig Taylor sales in MCESI's territory, however, Doosan advised MCESI it was not going to provide information concerning Craig Taylor sales to MCESI.

31. As a result, MCESI began lodging complaints regarding Craig Taylor to Justin Cain, Doosan Dealer Manager.

32. At MCESI's mid-year review in August 2014, Doosan stated it wanted to reduce the number of MCESI's APRs.

33. Unlike all prior years, Doosan never scheduled a meeting to discuss a 2015 Agreement for MCESI.

34. After MCESI had registered to have two people attend the annual Doosan dealer meeting in 2015, Doosan representatives advised MCESI that no MCESI representatives could attend and the registrations were cancelled.

35. In 2015, Craig Taylor expanded its reach in Alaska and was advertised on the Doosan website as Doosan's exclusive dealer in Alaska.

36. Doosan removed MCESI from its website as a dealer for 6 to 8 weeks at the beginning of 2015 and only added MCESI back on the website after MCESI began communicating with Doosan about Doosan's termination of the distributorship and the amounts payable under Alaska law.

COMPLAINT - 5

37. MCESI reached out to Doosan in mid-February about a renewal of its Dealer Sales Agreement, and Doosan canceled two meetings, which were never rescheduled.

38. After the cancellations and hearing nothing further from Doosan about the termination of MCESI's distributorship, on March 23, 2015, MCESI wrote to Doosan advising that MCESI considered its dealership terminated by Doosan, effective as of the date of the letter, and advising further advising that under the Alaska Distributorship statute, it would supply Doosan with the calculations of amounts Doosan was obligated to pay MCESI.

39. Doosan's response was to protest that it had not made a decision about termination, but would welcome discussions about MCESI's "voluntary termination" the effect of which would be that MCESI would waive its rights as a terminated dealer under Alaska law.

40. On information and belief, during 2015, Doosan has provided sales leads to Craig Taylor based on inquiries from potential customers in what had formerly been MCESI's APR.

41. On or about April 22. 2015, MCESI, through counsel provided Doosan with the calculation of the amounts payable by Doosan AS 45.45.740(a)(2).

42. On May 6, 2015 Doosan provided a new 2015 Dealer Sales Agreement and unilateral proposed 2015 Dealer Commitments which significantly and materially change MCESI's APRs and imposed as a condition that MCESI waive its disputes with Doosan regarding overcharges by Doosan.

43. Until the termination of its Dealer Sales Agreement, MCESI was a dealer under the provisions of AS §§ 45.45.700-790.

44. Doosan is a distributor under the provisions of AS §§ 45.45.700-790.

COMPLAINT - 6

45. On February 27, 2014, MCESI signed its last Dealer Sales Agreement with Doosan having an effective date of January 1, 2014 and a termination date of December 31, 2014.

46. On information and belief Doosan violated its duty of good faith and fair dealing with respect to its obligations to MCESI under the Dealer Sales Agreements.

47. On information and belief, Doosan actions with respect to its termination of MCESI's rights were intentional, were outrageous, and involved malicious acts, or acts done with reckless indifference to MCESI's reasonable business interests.

### FIRST CLAIM FOR RELIEF – REPURCHASE OF EQUIPMENT

48. MCESI incorporates all the prior paragraphs as if set forth in full.

49. MCESI's Dealer Sales Agreement has been terminated.

50. Doosan is liable to MCESI for amounts payable pursuant to AS § 45.45.710 in an amount to be proven at trial, but totaling at least $675,000.00.

### SECOND CLAIM FOR RELIEF – PAYMENT FOR VALUE OF BUSINESS

51. MCESI incorporates all the prior paragraphs as if set forth in full.

52. Pursuant to AS § 45.45.490, Doosan terminated MCESI's Dealer Sales Agreement by not renewing MCESI's Dealer Sales Agreement.

53. During 2014, Doosan made material and substantial changes in MCESI's competitive situation in several ways, including, but not limited to actively promoting Craig Taylor in MCESI's APR.

54. Doosan is liable to MCESI for amounts payable pursuant to AS § 45.45.740(a)(1) for the value of MCESI's business directly related to the Doosan distributorship in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF – PAYMENT OF EXPENSES

55. MCESI incorporates all the prior paragraphs as if set forth in full.

COMPLAINT - 7

56. Doosan is liable to MCESI for amounts payable pursuant to AS § 45.45.740(a)(2) for MCESI's expenses necessarily incurred in connection with its business directly related to the Doosan distributorship in an amount to be proven at trial, but totaling at least $2,689,611.65.

## FOURTH CLAIM FOR RELIEF – INVALID PROVISIONS OF DEALER SALES AGREEMENT

57. MCESI incorporates all the prior paragraphs as if set forth in full.

58. MCESI's last Dealer Sales Agreement contained terms that are prohibited by Alaska law, including, but not limited to, a waiver of MCESI's right to a jury trial, a requirement that MCESI arbitrate any disputes with Doosan, and a requirement that MCESI pay Doosan's attorneys' fees.

59. MCESI's last Dealer Sales Agreement expressly provided, in its severability section, that invalid or unenforceable terms shall be removed from the agreement.

60. All provisions which are prohibited under applicable law are severed and removed from the agreement.

## FIFTH CLAIM FOR RELIEF – DETERMINATION OF OVERCHARGES AND OTHER DAMAGES

61. MCESI incorporates all the prior paragraphs as if set forth in full.

62. Doosan's actions in violation of its contractual and state statutory obligations has resulted in damages to MCESI in an amount to be proven at trial.

## RESERVATION OF RIGHTS

63. MCESI reserves the right to amend this Complaint to assert additional causes of action based on facts obtained during discovery.

**WHEREFORE**, MCESI requests the following relief:

COMPLAINT - 8

1. On MCESI'S First Claim for Relief, for judgment against Doosan for all amounts payable to MCESI pursuant to AS § 45.45.710.

2. On MCESI'S Second Claim for Relief, for judgment against Doosan for all amounts payable to MCESI pursuant to AS § 45.45.740(a)(1).

3. On MCESI'S Third Claim for Relief, for judgment against Doosan for all amounts payable to MCESI pursuant to AS § 45.45.740(a)(2).

4. On MCESI'S Fourth Claim for Relief, for judgment determining that the invalid and unenforceable provisions of the agreement be severed and declared of no further force and effect.

5. On MCESI'S Fifth Claim for Relief, for judgment against Doosan for all other damages owing to MCESI by Doosan.

6. For such other and further relief that the Court determines to be appropriate under AS § 45.45.760.

7. For MCESI's attorneys' fees and costs reasonable incurred in this action as permitted by applicable law.

DATED this 14 day of May, 2015.

SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC

*Garth Schlemlein by*

*Daniel Bun* AK Bar # 8306022

Garth A. Schlemlein, AK Bar# 08602011
SCHLEMLEIN GOETZ FICK & SCRUGGS, PLLC
66 S. Hanford St, Suite 300
Seattle, WA 98134
P: 206-448-8100    F: 206-448-8514
E: gas@sgfslaw.com
Attorneys for Plaintiff

COMPLAINT - 9